UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.F., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>SAN RAMON OB/GYN GROUP, et al.,<br><br>        Defendants. | Case No. 24-cv-04230-RFL<br><br>**ORDER GRANTING MOTION TO SET ASIDE AND REMAND**<br><br>Re: Dkt. Nos. 20, 24 |

      Plaintiffs B.F., a minor, by and through her guardian ad litem Tewelde Foto, and Rahel Weldemariam, her mother, originally filed suit in California state court against Defendants Lifelong Ashby Health Center, San Ramon OB/GYN Group, Joanne R. Vogel, M.D., and Alta Bates Summit Medical Center. In their complaint, Plaintiffs alleged that Defendants were negligent when administering prenatal care to Weldemariam and delivering B.F., resulting in physical injuries to the former and neurological injuries to the latter. (Dkt. No. 1 at 11–12.)[1] Defendants removed the case to federal court on the sole basis that Lifelong and its employees "were deemed to be employees of the Public Health Service by the U.S. Department of Health and Human Services, and thereby eligible for Federal Tort Claims Act ('FTCA') malpractice coverage." (*Id*. at 2 ¶ 2.) Federal courts have exclusive jurisdiction over FTCA claims. *See* 28

---

[1] All citations to page numbers in filings on the docket refer to ECF page numbers.

U.S.C. §§ 1346(b)(1); 2679(b).  Upon the case's removal to federal court, the United States was substituted as the party defendant for Lifelong.  (Dkt. No. 1 at 3 ¶ 5.)

On August 2, 2024, Plaintiffs voluntarily dismissed the United States and Lifelong ("the Federal Defendants") without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i).  (Dkt. No. 8 at 2.)  On September 30, 2024, instead of moving to remand the case back to state court, Plaintiffs voluntarily dismissed the remaining Defendants San Ramon OB/GYN Group, Joanne R. Vogel, M.D., and Alta Bates Summit Medical Center ("the State Defendants") without prejudice under Rule 41(a)(1)(A)(i).  (Dkt. No. 20 at 2.)  With all the Defendants having been voluntarily dismissed, the case was terminated that same day.

The parties then returned to the state court.  When the case had been removed from state court, the state court had placed it in a special status of "Stay – Removal to Federal Court."  (Dkt. No. 24-6 at 5.)  The case was removed from this special status on October 14, 2024.  (*Id.*)  The parties then proceeded with the case in state court as if it "had been remanded."  (Dkt. No. 24-1 at 2; *see also* Dkt. No. 24-6 at 5 (filing of motion for summary judgment).)  However, on July 8, 2025, the state court judge issued a tentative ruling, which stated that absent the case being remanded by the federal court, the "action shall be deemed disposed by the Clerk" and the matter "is deemed complete."  (Dkt. No. 24-7 at 2.)  On July 14, 2025, Plaintiffs therefore moved this Court to remand the case to state court.  (Dkt. No. 22.)  Because the case had already been terminated, the motion was terminated as moot.  (Dkt. No. 23.)

Plaintiffs now move to set aside the dismissal of the State Defendants and remand the case to state court.  (Dkt. No. 24.)  Plaintiffs contend that the State Defendants were voluntarily dismissed based on the understanding that after doing so, "the court would no longer have jurisdiction over the case and it would be automatically remanded by operation of law to the State Court."  (Dkt. No. 24-1 at 2.)  For the reasons that follow, Plaintiffs' motion is **GRANTED**.

Under Federal Rule of Civil Procedure 60(b), the Court may relieve a party "from a final judgment, order, or proceeding for," as relevant here, "any other reason that justifies relief."

2

Fed. R. Civ. P. 60(b)(6).  Plaintiffs' voluntary dismissal of the State Defendants under Federal Rule of Civil Procedure 41(a)(1)(A)(i) constitutes a "final proceeding" under Rule 60(b).  *Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 311–12 (2025).  Plaintiffs are entitled to relief from their voluntary dismissal of the State Defendants because when Plaintiffs filed the dismissal, the Court lacked subject matter jurisdiction over the case.  Accordingly, the voluntary dismissal of the State Defendants must be set aside, and the case remanded.

"A movant seeking relief under Rule 60(b)(6) must show extraordinary circumstances justifying" the disruption of finality.  *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013) (citation omitted).  The Court has power to afford a party relief from a final proceeding under Rule 60(b)(6) "whenever such action is appropriate to accomplish justice."  *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 443 (9th Cir. 2019) (quoting *United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982)).  "In considering whether to grant a Rule 60(b)(6) motion, the following factors may be relevant to the analysis: (1) whether the plaintiff has made a showing of extraordinary circumstances, such as a change in intervening law; (2) whether the plaintiff exercised diligence in pursuing the issues; (3) interest in finality; (4) delay between the finality of the judgment and the motion for Rule 60(b)(6) relief; and (5) the degree of connection between the extraordinary circumstance and the decision for which reconsideration is sought."  *Walker v. Krol*, No. 15-CV-05819-HSG, 2024 WL 4197607, at *11 (N.D. Cal. Sept. 12, 2024) (citing *Henson*, 943 F.3d at 440).

Extraordinary circumstances are present in this case that justify affording Plaintiffs relief from their voluntary dismissal of the State Defendants.  Plaintiffs' voluntary dismissal was based on the assumption—apparently shared by Defendants' counsel—that the case would be automatically remanded following the dismissal of the State Defendants. (Dkt. No. 24-5 at 2–3; Dkt. No. 24-8 at 2.)  That assumption was understandable.  Because the only basis for federal jurisdiction in this case was the FTCA claims brought against the Federal Defendants, (Dkt. No. 1 at 2 ¶ 2), the dismissal of the Federal Defendants divested the Court of subject matter jurisdiction. Had Plaintiffs filed their motion to remand prior to dismissing the State Defendants,

the motion would have certainly been granted. *See* 28 U.S.C. § 1447(c). Instead, by dismissing the State Defendants, *i.e.*, the remaining Defendants, Plaintiffs unwittingly dismissed their entire case. The Court's lack of subject matter jurisdiction during the conclusion of the "final proceeding" from which Plaintiffs now seek relief is an "extraordinary circumstance" justifying the application of Rule 60(b)(6), and affording Plaintiffs relief does not undermine the interest in finality given the course of the state court litigation and all parties' apparent misunderstanding of the procedural effect of the voluntary dismissal.

The voluntary dismissal of the State Defendants is therefore set aside and the case reopened. The motion to remand is granted, because the only basis for federal jurisdiction is now absent due to the dismissal of the Federal Defendants. *See* 28 U.S.C. §§ 1331, 1346(a).

For the foregoing reasons, Plaintiffs' motion to set aside the voluntary dismissal of the State Defendants is **GRANTED**, and the case is hereby **REMANDED** to Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated: October 16, 2025

RITA F. LIN
United States District Judge